**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL W. BURCHAM, ) | |
| ) | CASE NO. 5:12-CV-01071 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff Michael W. Burcham ("Burcham") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

**I. Procedural History**

On October 20, 2004, Burcham filed an application for SSI alleging a disability onset date of August 30, 2003. His application was denied both initially and upon reconsideration. Burcham timely requested an administrative hearing.

On January 14, 2008, an Administrative Law Judge ("ALJ") held a hearing during which Burcham, represented by counsel, a medical expert ("ME"), and an impartial vocational expert ("VE") testified. On August 26, 2008, the ALJ found Burcham was not disabled. After a successful appeal, a second hearing was held on March 3, 2010, during which an ME and VE testified. On June 11, 2010, the ALJ found Burcham was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

## II.  Evidence

*Personal and Vocational Evidence*

Age forty-seven (47) at the time of his second administrative hearing, Burcham is a "younger" person under social security regulations. *See* 20 C.F.R. § 416.963(c). He has a limited education and past relevant work as a garbage collector. (Tr. 19.)

## III.  Standard for Disability

A claimant may be entitled to receive SSI benefits when he establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the

impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

### IV. Summary of Commissioner's Decision

The ALJ found Burcham established medically determinable, severe impairments, due to "insulin dependence diabetes mellitus; obstructive sleep apnea; obesity; congestive heart failure; hypertension; and cognitive disorder." (Tr. 13.) However, his impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 14-15.) Burcham was found incapable of performing his past relevant work, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of sedentary work. (Tr. 16-19.) The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Burcham was not disabled. (Tr. 19-20.)

### V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision.");

*Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

**VI. Analysis**

*Listing 12.05(C)*

Burcham argues that finding his limitations did not equal Listing 12.05(C) lacked the support of substantial evidence. (ECF No. 14 at 7-11.) He also claims that the ALJ erred by failing to state sufficient reasons for such finding.[1]

At step three, the burden of proof for establishing that an impairment meets or equals the requirements of a listing rests with the claimant. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). To meet a listed impairment, a claimant must satisfy all of the criteria in the listing. *See Roby v. Comm'r of Soc. Sec.*, 48 Fed. Appx. 532, 536 (6th Cir. 2002) (*citing Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)). Under the mental retardation listing, Burcham must establish that his impairment: (1) satisfies the "diagnostic description in the introductory paragraph ***and*** any one of the four sets of criteria." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00(A) (emphasis added). The introductory paragraph of the listing defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.05.

Listing 12.05, 20 C.F.R. Pt. 404, Subpt. P, App. 1, states, in pertinent part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the

---

[1] Burcham does not argue that he met Listing 12.05(C), only that his impairment is equal to it. (ECF No. 14 at 11.)

>   requirements in A, B, C or D are satisfied.
>
> \*\*\*
>
>   C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;

*Id.*

If a claimant does not show that his impairment satisfies the diagnostic description for mental retardation, then he cannot be found disabled thereunder. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); *accord Cox v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 143719 (E.D. Tenn. Sept. 7, 2012); *Green v. Astrue*, 2012 U.S. Dist. LEXIS 92685 at \*8 (S.D. Ohio July 5, 2012) ("after *Foster*, for a claimant to meet Listing 12.05, he or she 'must demonstrate three factors to satisfy the diagnostic description: (1) subaverage intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations,' in addition to the criteria under A, B, C, or D of Section 12.05.") "Plaintiff bears the burden of showing he had 'deficits in adaptive functioning' before age 22." *Cox v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 143719 (E.D. Tenn. Sept. 7, 2012) (*citing Foster*, 279 F.3d at 354.)

Here, Burcham concedes that the evidence did not contain anything about his condition prior to age 22. (ECF No. 15 at 8-9.) Without such evidence, Burcham cannot equal the listing. In *Hayes v. Commissioner of Social Security*, the Sixth Circuit expressly held that "without evidence to establish onset [of subaverage intellectual functioning] before age twenty-two, ... she cannot equal Listing 12.05." *Hayes*, 357 Fed. Appx. 672, 677 (6th Cir. 2009). The *Hayes* decision is consistent with *Foster*, which held that the ALJ's conclusion – that 12.05(C) was not equaled – was supported by substantial evidence where the claimant failed to present any

6

evidence of significantly subaverage functioning prior to age 22.  *Foster*, 279 F.3d at 355.  Another decision of this Court has observed that "[i]t is [the claimant's] burden to show that she meets or medically equals an impairment in the Listings and she has not met her burden in this case because she has failed to establish that she satisfies the diagnostic description of Listing 12.05, which is a threshold requirement.  That failure means that, even if she were to satisfy the requirements of subpart (C) or (D) of the Listing, she would nevertheless not meet or equal Listing 12.05." *Hardy v. Astrue*, 2012 U.S. Dist. LEXIS 71647, 31-32 (N.D. Ohio Apr. 11, 2012) (*citing Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987)).  In light of this precedent from the Sixth Circuit, this Court cannot find that the ALJ's similar finding was unsupported by substantial evidence.

Burcham argues that the ALJ did not base his equality finding on the lack of intellectual deficits prior to age 22.  (ECF No. 16 at 2.)  Therefore, Burcham asserts that the Commissioner's argument constitutes an impermissible *post hoc* rationalization.  *Id*.  It is true that the Commissioner cannot cure a deficient opinion, because "arguments [crafted by defense counsel] are of no consequence, as it is the opinion given by an administrative agency rather than counsel's 'post hoc rationale' that is under the Court's consideration." *See, e.g., Bable v. Astrue*, 2007 U.S. Dist. LEXIS 83635, 27–28 (N.D. Ohio, Oct. 31, 2007) (*citing NLRB v. Ky. River Cmty. Care, Inc.*, 532 U.S. 706, 715, n. 1, 121 S.Ct. 1861, 149 L.Ed.2d 939, (2001)); *cf. Johnson v. Sec'y of Health & Human Servs*., 794 F.2d 1106, 1113 (6th Cir. 1986) (rejecting Defendant's post hoc rationale that obesity is per se remediable where there was no factual basis or findings of fact in the record to support such an argument).  However, this is not such a case.  The ALJ specifically found that "there is no evidence of deficits prior to age 22;" and, that the evidence of

7

record indicates "Mr. Burcham did not have cognitive deficits prior to attaining age 22 . . . ." (Tr. 15-16.) The ALJ, while acknowledging the lack of any evidence of deficits prior to age 22, engaged in an equivalency analysis. (Tr. 15-16.) However, this Court finds that such inquiry was unnecessary, as the Sixth Circuit's decision in *Hayes* clearly states that Listing 12.05 cannot be equaled without evidence of onset before age 22. 357 Fed. Appx. at 677. Burcham has not cited a single case suggesting that a claimant could equal Listing 12.05(C) where there is no evidence of subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22. Under the aforementioned Sixth Circuit precedent, any analysis on this issue by the ALJ was superfluous.

### *Step Five*

Burcham's second assignment of error involves the ALJ's determination at Step Five. Although Burcham's argument concludes by asserting that the ALJ's hypothetical question failed to accurately reflect his impairments, nowhere does Burcham identify what additional limitations should have been included in the hypothetical or identify the evidence that would support those unidentified limitations.[2]

Instead of addressing the accuracy of the hypothetical, Burcham's argument focuses on the

---

[2] A hypothetical question must precisely and comprehensively set forth every physical and mental impairment that the ALJ accepts as true and significant. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Where the hypothetical question is supported by evidence in the record, it need not reflect unsubstantiated allegations by the claimant. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). In fashioning a hypothetical question to be posed to a VE, the ALJ is required to incorporate only those limitations that he accepts as credible. *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) (*citing Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993)). However, where the ALJ relies upon a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a finding of disability is not based on substantial evidence. *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994).

portion of the RFC indicating that he was "limited to simple routine tasks." (Tr. 16; ECF No. 14 at 13-14.) Burcham, however, does not argue that the limitation is insufficient, but rather that the three jobs identified by the VE – food and beverage order clerk, information clerk, and addresser[3] – are all jobs with an SVP 2 skill level. (ECF No. 14 at 13.) Burcham contends that jobs with an SVP 2 skill level, though unskilled, are not necessarily simple. *Id*. at 13-14.

At the hearing, the ALJ posed the following hypothetical to the VE:

> This [hypothetical] person can lift ten pounds occasionally, up to ten pounds frequently. Can stand, walk four out of eight, sit six out of eight, no ladder, rope or scaffold [at] all – and frequently balance, but all other posturals are occasional. No manipulative visual or communications deficits. This person should avoid heights and hazards. ***This person can likewise do only simple routine tasks, no complex tasks*** and that's it.

(Tr. 691) (emphasis added).

The VE, in response, identified the three aforementioned jobs with an SVP of 2. (Tr. 691.) Clearly, the VE believed that the jobs identified are simple and routine. While Burcham challenges this opinion, he offers nothing in support of his argument beyond his own interpretation of the job descriptions. (ECF No. 14 at 13-14.) Although there may be instances where a VE's testimony so profoundly conflicts with the Dictionary of Occupational Titles that the ALJ's reliance on such testimony could not satisfy the Commissioner's burden at Step Five, this is not such a case. Simply, Burcham has failed to point to any evidence or law suggesting that jobs in the SVP 2 category are too complex for an individual limited to simple, routine tasks. Burcham's assignment of error is without merit.

---

[3] Burcham contends that the addresser position is obsolete, but acknowledges that counsel did not challenge the testimony at the trial. (ECF No. 14 at 14.)

## VII. Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED and judgment is entered in favor of the defendant.

IT IS SO ORDERED.

<u>/s/ Greg White</u>
U.S. Magistrate Judge

Date: December 7, 2012